The People of the State of Illinois, Plaintiff-Appellee, *v.* Spellman Harper, Defendant-Appellant.

(No. 54147; ▮

First District—December 8, 1970.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Michael Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

In a jury trial the defendant, Spellman Harper, was found guilty of unlawful possession of a narcotic drug and was sentenced to a term of not less than two and not more than three years in the penitentiary. In this court defendant contends that he was not proved guilty beyond a reasonable doubt and argues that the testimony of the arresting officers was unsatisfactory.

Officers Ronald Kelly and Hugh Hamill testified that on April 17, 1968, they were in the vicinity of 2038 West Monroe Street, in Chicago, and saw the defendant drop a tinfoil packet, which their immediate field test proved to contain heroin. The defendant was apprehended and placed under arrest.

Officer Kelly testified that on April 17, 1968, at about 10:30 P.M., he and three other police officers, all wearing plainclothes, were in the vicinity of 2038 West Monroe Street. He stated that the area was well lighted by lamps from the street and the apartment building; that as he and Officer Hamill left their unmarked car and started up the steps of the three-story building they noticed the defendant and another man walking east on Monroe Street. He said he saw the defendant drop a tinfoil packet which the officer immediately picked up and field-tested the contents. After a positive reaction to the test, Officer Kelly walked towards the two men while Officer Hamill drove the car toward them, and the defendant and his companion were apprehended at Monroe and Damen, then taken to 2038 West Monroe Street.

Officer Kelly further testified that the place where the packet was dropped was only about 12 feet away from the steps where he had been standing; that the two men were walking together but the defendant was nearest the officer. He stated that he never lost sight of the packet after it was dropped, and that no one else was in the vicinity during the ten seconds before it was retrieved. Officer Hamill's testimony was substantially the same as that of Officer Kelly. After it was stipulated by both parties that the packet contained heroin, the State rested its case.

The defense presented one witness, the defendant's attorney, who stated that Officer Hamill had told him that the defendant was first noticed coming from the building at 2038 West Monroe, walking down the stairs towards him and Officer Kelly, and that the Assistant State's Attorney was present at the time Officer Hamill made the statement. On

cross-examination Officer Hamill denied having made that statement to the attorney. The defense then rested, and the jury returned its verdict of guilty.

In this court the defendant argues that if the officers were on the stairs they could not have seen the defendant walking on the street outside, and "could not possibly have seen the defendant drop a tinfoil packet." However, the jury was entitled to believe from the testimony of both police officers that they were on the steps which led from the street to the building, and not on an interior stairway; and that when Officer Hamill had said on direct examination that they observed the two men until "they had passed us on the steps," he was repeating what he had told defendant's attorney the previous day. Officer Hamill also stated, however: "At this time we observed the gentleman on the inside of the sidewalk drop an object from his left hand." With this clarification, his statement that the men had passed them on the steps might have been interpreted to mean that the officers were on the steps when the men passed them on the street.

When the entire testimony is considered, the acceptance of this interpretation lay within the reasonable discretion of the jury. There is no evidence that the steps in question were enclosed. It is the jury's function to determine the facts from the evidence, and if the jury concluded that the officers were on the steps and saw the defendant on the street, it cannot be said that that conclusion is "so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify the court in entertaining a reasonable doubt of defendant's guilt." *People v. Boyd,* 105 Ill.App.2d 345, 350.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.